①

Defendant's Proposed Instruction

Freedom of speech, though not absolute, is nevertheless protected against censorship or punishment, unless shown likely to produce a clear and present danger of a serious substantive evil that rises far above public inconvenience, annoyance, or unrest.

Terminiello v. City of Chicago, 337 U.S. 1, 69 S.Ct. 894, 93 L.Ed. 1131 (1949)

*[Handwritten margin note: Requested by Defendant James C. Duncan for Distruct Judg[e]]*

*[Handwritten margin note: Reprinted as typed - Dec 17, 2009]*

Defendant's Proposed Instruction

A threat is a statement expressing an intention to ~~inflict bodily~~ *injure the person of another* harm to someone of such a nature as could reasonably induce fear as distinguished from idle, careless talk, exaggeration or something said in a joking manner. You must determine whether the threat was a true threat when judged in its context. [A true threat is a serious expression of intent to inflict injury and not merely a vehement or emotional expression of political opinion, hyperbole and arguments against government or public officials.] Among other things, you should consider whether on their face and in the circumstances in which they were made, defendant's statements were so unequivocal, unconditional and specific as to convey to the recipient a gravity of purpose and apparent prospect of execution.

United States v. Kelner, 534 F.2d 1020, 1024-28 (2d Cir. 1976)

Defendant's Proposed Instruction

"True threats" encompass those statements where the speaker means to communicate a serious expression of an intent to commit an act of unlawful violence to a particular individual or group of individuals.

*Virginia v. Black*, 538 U.S. 343 (2003).



Defendant's Proposed Instruction

Intimidation is a type of "true threat", where a speaker directs a threat to a person or group of persons with the intent of placing the victim in fear of bodily harm or death.

*Virginia v. Black*, 538 U.S. 343 (2003)



Defendant's Proposed Instruction

The constitutional guarantees of free speech and free press do not permit to the Government to forbid or proscribe advocacy of the use of force or of law violation except where such advocacy is directed to inciting or producing immanent lawless action and is likely to incite or produce such action.

Brandenburg v. Ohio, 395 U.S. 444(1969) at 447

Defendant's Proposed Instruction

*stands alone*

Identifying and providing personal information on a web site, while it may be offensive or disturbing to those listed, is protected under the First Amendment.

*Planned Parenthood of Columbia/Willamette, Inc. v. American Coalition of Life Activists*, 290 F.3d 1058 (9th Cir. 2002)

Defendant's Proposed Instruction            (7)            ✓

The mere advocacy of the use of force or violence does not remove speech from the protection of the First Amendment and is not the same as preparing a group for violent action and steeling it to such violent action.

Brandenburg v. Ohio, 395 U.S. 444(1969) at 448

Defendant's Proposed Amended Jury Instruction (D--4)
to Government's Proposed Jury Instruction No. 4

True Threat Defined

For you to find William White guilty of each 875(c) count, you must find beyond a reasonable doubt that the communication at issue in that count contained a "true threat." Whether a communication in fact contains a true threat is determined by the interpretation of a reasonable recipient familiar with the context of the communication. You may find a particular statement is a true threat if you find that the statement was made under such circumstances that an ordinary, reasonable person, who is familiar with the context of the communication, would interpret it as a threat to injure the recipient or as a threat to injure another person.

"True threats" encompass those statements where the speaker means to communicate a serious expression of an intent to commit an act of unlawful violence to a particular individual or group of individuals. A true threat is a serious threat, as opposed to mere idle or careless talk, exaggeration, or something said in a joking manner.

The Government does not have to prove that the person who received the threat was actually placed in fear of harm. You may, however, consider the reaction of any recipient in determining whether a reasonable person would consider the message a true threat.

Although the Government must prove beyond a reasonable doubt, for each count of the Indictment, that the statement(s) were true threats, it does not have the burden of proving that Mr. White subjectively intended for the person receiving the communication to understand it as a threat.


*Virginia v. Black,* 538 U.S. 343, 359 (2003) ("True threats" encompass those statements where the speaker means to communicate a serious expression of an intent to commit an act of unlawful violence to a particular individual or group of individuals"), quotation that was lifted directly out of *Virginia v. Black* and cited by *United States v. Bly*, 510 F.3d 453, 458 (4th Cir. 2007).

Defendant's Proposed Amended Jury Instruction (D-4A)
to Government's Proposed Jury Instruction No. 4

True Threat Defined

For you to find William White guilty of each 875(c) count, you must find beyond a reasonable doubt that the communication at issue in that count contained a "true threat." Whether a communication in fact contains a true threat is determined by the interpretation of a reasonable recipient familiar with the context of the communication. You may find a particular statement is a true threat if you find that the statement was made under such circumstances that an ordinary, reasonable person, who is familiar with the context of the communication, would interpret it as a threat to injure the recipient or as a threat to injure another person.

The Free Speech Clause of the First Amendment does not protect statements that are "true threats." True threats encompass those statements where the speaker means to communicate a serious expression of an intent to commit an act of unlawful violence to a particular individual or group of individuals. A true threat is a serious threat, as opposed to mere idle or careless talk, exaggeration, or something said in a joking manner.

The Government does not have to prove that the person who received the threat was actually placed in fear of harm. You may, however, consider the reaction of any recipient in determining whether a reasonable person would

consider the message a true threat.

Although the Government must prove beyond a reasonable doubt, for each count of the Indictment, that the statement(s) were true threats, it does not have the burden of proving that Mr. White subjectively intended for the person receiving the communication to understand it as a threat.


*Virginia v. Black,* 538 U.S. 343, 359 (2003) ("True threats" encompass those statements where the speaker means to communicate a serious expression of an intent to commit an act of unlawful violence to a particular individual or group of individuals"), quotation that was lifted directly out of *Virginia v. Black* and cited by *United States v. Bly*, 510 F.3d 453, 458 (4th Cir. 2007).

Defendant's Proposed Jury Instruction

Free Speech/True Threats

The Free Speech Clause of the First Amendment does not protect statements that are "true threats." A statement made by a person constitutes a "true threat" when: first, a person makes a statement that, in context, a reasonable listener would interpret as communicating a serious expression of an intent to inflict or cause serious harm on or to the listener or the target of the communication; and second, the speaker intended that the communication be taken as a threat that would serve to place the listener or target of the communication in fear for his or her personal safety, regardless of whether the speaker actually intended to carry out the threat.