CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

FEB 26 2010

JOHN F. CORCORAN, CLERK
BY: /s/
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br>Plaintiff | |
| v. | Criminal Action No 7:08-CR-00054 |
| WILLIAM A WHITE<br>Defendant | |

### MOTION FOR A NEW TRIAL ON COUNT FIVE OF THE INDICTMENT

Comes Now the Defendant, William A WHITE, and, in light of the Court's ruling "that there is no substantial evidence which would permit any rational trier of fact to find the Defendant guilty" of Count Six of the indictment, moves this court to order a new trial on Count Five of the indictment.

### BACKGROUND AND PROCEDURE

Defendant was indicted December 11, 2008, in a nineteen page document alleging seven counts of criminal misconduct, including Count Five, which reads, in pertinent part, "On or about October 31, 2007, in the Western District of Virginia and elsewhere, the defendant WILLIAM A WHITE knowingly transmitted in interstate commerce communications by telephone and Internet postings directed at Dr. [Kathleen Kerr], a university professor and administrator, containing a threat to injure [Kerr]."

Defendant moved to dismiss the indictment on First Amendment grounds, claiming the telephone call and Internet postings in Count Five, among others, constituted protected speech, and the Court denied this motion December 2, 2009, citing the need to allow the government to develop its evidence at trial. Voir dire began December 9, 2009, trial commenced December 10, 2009, and prosecution rested December 17, 2009. At that time, Defendant renewed his motion and moved for acquittal. This motion was taken

under advisement, and the jury returned a verdict December 18, 2009, acquitting the Defendant of Counts Two, Four and Seven of the indictment and convicting him of Counts One, Three, Five and Six. Defendant renewed his Motion for Acquittal December 28, 2009, and hearing was held January 20, 2010. On February 4, 2010, this Court granted the Motion with regards to Count Six, and denied the Motion with regards to Counts One, Three and Five.

During the course of the trial, Defendant moved for a mistrial over the Prosecution's remarks implying Defendant had a burden to produce evidence to refute their case, particularly their decision not to put on evidence relating to caller ID records that would have exonerated the Defendant.

Based on the Court's ruling on the jury's error in convicting Defendant on Count Six of the indictment, Defendant contests the same error contaminated the jury's verdict on Count Five, and that this Court should strike from the indictment the phrase "and Internet postings" and submit to the jury solely the question of whether Defendant made the threatening phone call alleged in the indictment.

### ARGUMENT

In Count Six of the indictment, Defendant was charged with "knowingly transmitt[ing] in interstate commerce communications Internet postings directed at [Richard Warman], a Canadian lawyer, containing a threat to injure [Richard Warman]." Indictment at 18. At trial, the government presented evidence of a posting on the Vanguard News Network forum featuring an article on the firebombing of a Canadian Communist Party candidate's home and the statement, "Good. Now someone do it to Richard Warman," (Govt Ex 63) and posts on Overthrow.com titled "Kill Richard

Warman" and stating Warman should be "drug out in the street and shot." (Gov Ex 64), among others. The jury found these posts constituted a "true threat" communicated in interstate commerce. This Court found that "there is no substantial evidence which would permit any rational trier of fact to find the Defendant guilty" and rejected the jury verdict. Memorandum Opinion (Docket 155) 1-2

In Count Five, Defendant was charged with "communications by telephone and Internet postings," of which the internet postings, whose authorship was uncontested, were virtually identical to those in Count Six. In them, White is accused of stating, "We shot Marxists sixty years ago, we can shoot them again." As in Count Five, the jury returned a verdict of guilty based on these statements.

In its opinion, the Court declined to acquit White because, "it was clearly within the province of the jury to determine who had made [the charged telephone call]," (Memorandum Opinion at 20), "after viewing the evidence in the light most favorable to the prosecution." Jackson v Virginia 443 US 307, 319 (1979).

This standard does not apply to a motion for a new trial. US v Arrington, 757 F2d 1484, 1485 (4th Cir 1985).

The trouble with the jury verdict on Count Five is that Count Five charges, in part, speech which the Court found to be protected in Count Six, and which the jury found, erroneously, to be sufficient to convict the Defendant. Like Count Six, "the violent language on the [internet] postings themselves indicate no express or implied intent to perpetrate violence" and "these assorted internet posts, even viewed in the light most favorable to the prosecution, cannot be deemed sufficient evidence" to prove a "true threat". Memorandum Opinion at 25, 26. "The government should not be permitted to charge an individual with making a threat, and then seek a conviction by presenting

evidence which clearly implicates the contrary and distinct concepts of advocating and inciting violence." Memorandum Opinion at 26.

The Court could have corrected this fault with the indictment by striking the language "and Internet postings" from the indictment, pursuant to Defendant's Motions To Dismiss Indictment or Strike Surplusage from the Indictment, or by issuing a jury instruction, pursuant to Defendant's Motion for Acquittal, instructing it to disregard Defendant's internet postings in considering whether a "true threat" was made. It did not do so, and thus a new trial on a corrected charge with correct jury instructions is in order.

Further, the government, in its Brief In Opposition To Defendant's Motion For Acquittal (Docket 151), questions whether the phone call came from a blocked number or some other number ("Carol Bedgar ... testified that the call in question may have come from a blocked number but that she was not sure." Brief at 10.) This is disingenuous, and should not influence the Court, because the government is in possession of a police report summarizing the caller ID records, stating that the call in question came from either a blocked number or another number in Bethesda, Maryland, unrelated to the Defendant.

This is why the comment made by Prosecutor Chung, challenging the Defense to put on James Tweedy, one of two men who saw the caller ID records before they were lost by the government, is significant in causing a mistrial on this count along with comments made by Prosecutor Richmond, asking rhetorically who the person imitating White had been. The government is or had been in possession of substantial evidence showing Defendant did not make this phone call and that individuals who cooperated with the government had been making phone calls and imitating Defendant. In addition to the lost caller ID records, which would have shown White's call coming in separately

five minutes before the threatening call, there is the police summary of these records, and a tape recording of a separate phone call between Michael Burks and Michael Downs, two members of the ANSWP organization and readers of the Overthrow.com website, made September 22, 2007, where they discuss calling people on the phone and saying they "should be shot." Burks has a history, also recorded by the FBI, of making phone calls and impersonating people, and Downs regularly made, on tape, such calls with Burks over Skype, an internet based phone service which blocks the calling number. Further, Burks admitted calling Kerr in an exhibit tendered by the government in pre-trial proceedings. By calling attention to the Defense's decision not to put on this evidence by not calling James Tweedy, one of the individuals who'd seen these records, Chung poisoned the mind of the jury as regards reasonable doubt, and, in stating Defense had put on no evidence of a person or persons imitating Defendant, Richmond poisoned the jury's mind as to reasonable doubt.

## CONCLUSION

Because of the defects in the indictment, the failure of the Court to issue appropriate jury instructions, the inappropriate and prejudicial comment by Prosecutor Chung, and the high probability White was convicted for lawful acts instead of unlawful ones, the Court should order a new trial on Count Five.

Respectfully submitted,

William A White
#20040199844 2S-7
324 Campbell Ave, SW
Roanoke, VA 24016

## CERTIFICATE OF SERVICE

I hereby certify the foregoing Motion For A New Trial On Count Five Of The Indictment was served by First Class Mail on the following:

John Cotton Richmond
Criminal Section - PHB
950 Pennsylvania Ave, NW
Washington, DC 20530

_____
William A White