CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

APR 12 2010

JOHN F. CORCORAN, CLERK
BY: /s/ S. Taylor
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | Criminal Action No. 7:08-CR-00054 |
| | ) | |
| v. | ) | **Memorandum Opinion** |
| | ) | |
| WILLIAM A. WHITE, | ) | By: James C. Turk |
| Defendant. | ) | Senior United States District Judge |

This matter is presently before the Court on the Defendant's *pro se* motion for a new trial on Count Five of the indictment. (Dkt. No. 160). White was convicted after a trial by jury of Counts One, Three, Five, and Six. This Court then granted White's motion for acquittal as to Count Six, but upheld his conviction as to Counts One, Three, and Five. (Dkt. No. 155). Based on this Court's opinion granting an acquittal on Count Six, White seeks a new trial as to Count Five of the indictment, which charged Defendant White with making threatening communications to Kathleen Kerr in violation of 18 U.S.C. § 875(c). The Government has filed a brief in opposition to Defendant's motion for a new trial. (Dkt. No. 168). Defendant White filed a reply (Dkt. No. 171), and the matter is thus ripe for consideration.

For the reasons that follow, the Court finds that there is no basis for ordering a new trial as to Count Five. The Defendant's motion for a new trial is **DENIED**.

### I. The Court Will Not Hear A *Pro Se* Motion From A Represented Party

Defendant White has been represented by retained counsel from the outset of these proceedings. See Notice of Attorney Appearance, David Damico (Dkt. No. 17). White remains represented by counsel presently, and his attorneys continue to appear on his behalf, including most recently in chambers on April 7, 2010. The United States, when responding to Defendant

1

White's motion for a new trial, confirmed that his trial counsel was still representing White. See Gov. Opp., at 1 n. 1 ("Mr. David Damico has confirmed with the Government that the Defendant is still represented by his trial counsel, Mr. Damico and Mr. Raphael Farris [sic], and that this motion is nonetheless filed *pro se*."). Although it appears to the Court that the relationship between White and his counsel is occasionally strained, White has never indicated his intention or desire to terminate the representation. See Sealed Motion to Subpoena Certain Records, (Dkt. No. 176). Because Defendant White is still represented by his retained counsel, this Court will not hear *pro se* motions filed by the Defendant directly.

Although there is a paucity of Fourth Circuit precedent directly addressing this issue, every Circuit Court of Appeals to have considered the phenomenon of a *pro se* motion filed by a represented party has determined that a court does not have to accept or entertain these motions. See United States v. Whitelaw, 580 F.3d 256, 259 (5th Cir. 2009) (holding that the district court's refusal to consider a *pro se* motion by represented party was proper); United States v. D'Amario, 328 Fed.Appx. 763, 764 (3d Cir. 2009) (unpublished) ("A district court is not obligated to consider *pro se* motions by represented litigants."); Abdullah v. United States, 240 F.3d 683, 686 (8th Cir. 2001) ("A district court has no obligation to entertain *pro se* motions filed by a represented party."); United States v. Gwiazdinski, 141 F.3d 784, 787 (7th Cir. 1998) ("A defendant does not have an affirmative right to submit a *pro se* brief when represented by counsel."); United States v. Tracy, 989 F.2d 1279, 1285 (1st Cir. 1993) (holding that district court did not err in "refusing to consider Tracy's unsigned, *pro se* motions"); United States v. Guadalupe, 979 F.2d 790, 796 (10th Cir. 1992) ("Because he is represented by thoroughly competent counsel, his [*pro se*] motion is out of order and DENIED.").

The many, sensible reasons for disallowing *pro se* motions from represented parties are too numerous to be fully explored here. For example, see McKaskle v. Wiggins, 465 U.S. 168, 177 (1984) (noting, in hybrid representation case, "that multiple voices 'for the defense' will confuse the message the defendant wishes to convey"); Jones v. Barnes, 463 U.S. 745, 754 (1983) (holding that consideration of *pro se* motions alongside counsel's motions would "disserve the goal of vigorous and effective advocacy" by diluting appellate strategy); United States v. Vampire Nation, 451 F.3d 189, 206 n. 17 (2006) (holding that district court did not err when it ordered the Clerk of Court not to accept *pro se* motions from a represented party, "perhaps in an attempt to retain control of the proceedings in the face of Banks's onslaught of *pro se* motions"). Permitting *pro se* motions from represented parties will only increase the workload of prosecutors and courts in responding to what are likely frivolous or otherwise entirely unavailing arguments.

And in this particular situation there is no reason for entertaining an exception to this widely accepted rule. Defendant White has not attempted to invoke his constitutionally protected right to proceed without the assistance of counsel, pursuant to Faretta v. California, 422 U.S. 806 (1975). Moreover, as noted above, White had previously retained counsel and therefore, if this were a matter of great concern, he "could have terminated his counsel and reasserted his...argument *pro se* or retained new counsel to raise the argument on his behalf." Abdullah, 240 F.3d at 686.[1] *Compare* Miller v. Kemna, 207 F.3d 1096, 1098 (8th Cir. 2000) (noting "Hobson's choice" that arose with appointed counsel under Missouri appellate procedure), *cert. denied*, 531 U.S. 938 (2000). Nevertheless, because the Government has responded to White's motion, this Court will address his motion in a limited fashion.

---

[1] The Court understands that Defendant has, in fact, retained new counsel to pursue an appeal.

## II. Defendant's Motion is Procedurally Deficient

Defendant's motion for a new trial must be denied because he has not complied with the procedural requirements set forth in Rule 33 of the Federal Rule of Criminal Procedures. This rule, which governs new trials, provides that:

> (a) Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires....
> (b)(1) Any motion for a new trial based on newly discovered evidence must be filed within 3 years after the verdict or finding of guilty. If an appeal is pending, the court may not grant a motion for a new trial until the appellate court remands the case.
> (b)(2) Any motion for a new trial grounded on any reason other than nearly newly discovered evidence must be filed within 7 days after the verdict or finding of guilty.

FED. R. CRIM. PROC. 33. Every procedural requirement contained in this rule prevents this Court from granting White's motion for a new trial.

### A. Pending Appeal Bars Granting of New Trial

Although this Court has jurisdiction to hear White's motion, the Court has no authority to grant this motion because a notice of appeal (Dkt. No. 161) has been filed with the Fourth Circuit. See United States v. Cronic, 466 U.S. 648, 667 n. 42 (1984) ("The District Court ha[s] jurisdiction to entertain the motion and either deny the motion on its merits, or certify its intention to grant the motion to the Court of Appeals."). In keeping with Cronic, this Court may only decide whether this motion should be denied, or alternatively, whether the Court's intention to grant the motion should be certified to the Court of Appeals for consideration. Because this Court has no intention of granting the motion for a new trial, it will not certify the issue to the Court of Appeals. Instead, the Court will explain *infra* why White's motion for a new trial fails on the merits. But before reaching the merits to deny the motion for a new trial, the Court also notes that White's motion for new trial must be denied because it is time-barred.

### B. Motion for New Trial is Time-Barred

Although motions for new trials which rely on newly discovered evidence must be filed within 3 years after the verdict, those motions for new trials "grounded on any reason other than newly discovered evidence must be filed within 7 days after the verdict." FED. R. CRIM. PROC. 33 (b)(2). Defendant White did not originally allege in his motion that newly discovered evidence exists that requires a new trial. Instead, White argued that "defects in the indictment, the failure of the Court to issue appropriate jury instructions, the inappropriate and prejudicial comment by Prosecutor Chung, and the high probability White was convicted for lawful acts instead of unlawful ones" require a new trial. Def. Mot., at 5. Following the Government's response, White's reply brief attempted to identify and present new evidence and so avoid being time barred. But none of the evidence he identified is newly discovered evidence.

First, White seeks to add context to his theory that a government informant, Michael Burks, made the threatening phone call to Kathleen Kerr, but the added context does not identify any newly discovered evidence which relates to his conviction on Count Five of the indictment. The audio recordings that White asserts indicate Burks's complicity in the threatening phone calls are not newly discovered evidence. All of these recordings were provided to the Defendant prior to trial. See Gov. Opp., at 4 n. 2. Accordingly, these recordings can not be considered newly discovered evidence. See United States v. Beasley, 582 F.2d 337, 339 (5th Cir. 1978) ("Newly discovered evidence is evidence that could not have been discovered with due diligence at the time of trial."). Similarly, because Defendant claims the government indicated the existence of other "tapes made by or in the possession of the [FBI's various field offices]" these other tapes of Burks could not be newly discovered evidence. Def. Reply, at 2. With respect to the existence of these recordings generally, they are not sufficient to require a new trial because

White strategically chose not to put on a case in chief, and "the defendant is not entitled to a new trial so that he may employ a different strategy." United States v. Melvin, 39 Fed.Appx. 43, 49 (4th Cir. 2002) (unpublished) (citing Beasley, 582 F.2d at 339). White strategically decided to challenge the prosecution's versions of events without presenting any witnesses or evidence; consequently, he cannot be heard to demand a new trial to employ a new strategy.

The allegations concerning Timothy Bland, a witness for the government in front of the grand jury, are not newly discovered evidence because they do not relate to his conviction on Count Five of the Indictment, and in any event the evidence could only be characterized as impeaching. See Mesarosh v. United States, 352 U.S. 1, 9 (1956) (holding that "new evidence which is merely cumulative or impeaching is not...an adequate basis for the grant of a new trial"). Similarly, White identifies as newly discovered evidence testimony from the Hal Turner proceedings in the Southern District of New Jersey. The Hal Turner matter is entirely irrelevant to White's conviction on Count Five of the Indictment. White's owns claims betray the irrelevance, as he specifically asserts only that Turner's information was "the reason the government first exercised its 'prosecutorial discretion' [to charge him in] the Northern District of Illinois" and that it "formed the basis of the government's claim, advanced at the detention hearing, that White had been part of a plot to kill numerous people in Roanoke." Def. Reply, at 5. Finally, White's allegations concerning the absence of Robert Campbell from the trial and the presence of Eric Hunt at the trial are also irrelevant to his conviction, and can in no way be considered newly discovered evidence that would require a new trial as to Count Five.[2]

White clearly explains that the original basis for his Motion for a New Trial was this Court's decision reversing his conviction on Count Six and the prosecution's improper burden

---

[2] Robert Campbell is apparently a government informant who may or may not have avoided service of a subpoena by White. Eric Hunt is a white supremacist who was convicted of assaulting Elie Wiesel, and was called by the government to testify in front of the grand jury against White.

shifting comment. His reply failed to identify any newly discovered evidence relevant to Count Five which could form an alternative basis for his motion for a new trial. Thus, according to FED. R. CRIM. PROC. 33 (b)(2), this motion for a new trial should have been filed within seven days after the verdict. The motion was not filed until February 26, 2010, and is, therefore, untimely.

### III. Defendant's Motion Fails On the Merits

Although Defendant's motion for a new trial will not be entertained, because it was filed *pro se* by a represented party, and is untimely, because it was filed approximately 60 days too late, it would not have been successful on the merits even had it been properly and promptly filed. Because Defendant's motion fails on the merits, the Court has jurisdiction to deny the Defendant's motion, irrespective of the fact that a notice of appeal has been filed. See Cronic, 466 U.S. at 667 n. 42 (1984) ("The District Court ha[s] jurisdiction to entertain the motion and either deny the motion on its merits, or certify its intention to grant the motion to the Court of Appeals."). None of the grounds that Defendant advances are sufficient to meet the high standard of a new trial under Rule 33. Accordingly, his motion for a new trial must be denied.

A. Standard For A New Trial

Under applicable Fourth Circuit precedent, a "trial court should exercise its discretion to award a new trial sparingly, and a jury verdict is not to be overturned except in the rare circumstances when the evidence weighs heavily against it." United States v. Smith, 451 F.3d 209, 216-17 (4th Cir. 2006) (*citations omitted*). In determining if the evidence weighs heavily against the jury verdict, "the court's authority is much broader than when it is deciding a motion to acquit on the basis of insufficient evidence...[and] the district court is not constrained by the requirement that it view the evidence in the light most favorable to the government." United

States v. Arrington, 757 F.2d 1484, 1485 (4th Cir. 1985). Nevertheless, mere "disagreement with the jury's verdict does not mandate a new trial." Id. at 1486. Nor does the "trial judge's rejection of all or part of the testimony of a witness or witnesses automatically entitle a defendant to a new trial." United States v. Sanchez, 969 F.2d 1409, 1414 (2d Cir. 1992). In sum, a court should only grant a new trial when "the evidence weighs so heavily against the verdict that it would be unjust to enter a judgment." Arrington, 757 F.2d at 1485. After a thorough review of all of the evidence adduced at trial, as well as the additional arguments and materials presented by the Defendant, it is clear to the Court that the evidence does not weigh so heavily against the jury's verdict such that the interests of justice require a new trial on Count Five.

### B. Court's Analysis of Count Six is Inapplicable to Count Five

Defendant White argues that the "speech which the Court found to be protected in Count Six" was used by the jury to "[find] erroneously, to be sufficient to convict the Defendant [as to Count Five]." Mot. Pg. 3. In fact, Defendant seems to argue that because some "internet postings" were deemed not to rise to the level of a true threat in the context of Count Six, no "internet postings" could be considered a true threat in the context of Count Five. As a preliminary matter, the Court notes that identical language may well be deserving of First Amendment protections in some instances, and un-deserving of First Amendment protections in others. See Triplett Grille, Inc. v. City of Akron, 40 F.3d 129 (6th Cir. 1994) (upholding district court's decision that public indecency ordinance violated the First Amendment while acknowledging that the Supreme Court recently upheld an Indiana statute with virtually identical language.) Of course, in these circumstances, the fact that this Court found some of his offensive internet postings to be insufficient evidence of a true threat toward one individual has entirely no bearing on whether *different* offensive internet postings, in a *different* context,

constituted a true threat to a *different* individual. His present argument is merely a repackaged version of a sufficiency-of-the-evidence claim and, therefore, indistinguishable from the same argument advanced by Defendant, through counsel, in his motion for acquittal. See Mot. Acq., at 7-9. This Court previously rejected that argument and found, to the contrary, that there was substantial evidence which did permit a rational trier of fact to find the defendant guilty of Count Five. It follows that the evidence also does not weigh so heavily against the verdict as to require a new trial.

### C. Prosecutorial Misconduct Does Not Require New Trial

Prosecutorial misconduct can be the basis for a new trial under Rule 33 so long as it constitutes reversible error. United States v. Manglitz, 939 F.Supp. 1211 (D. Md. 1996). The Fourth Circuit has explained that:

> The test for reversible prosecutorial misconduct generally has two components: that (1) the prosecutor's remarks or conduct must in fact have been improper, and (2) such remarks or conduct must have prejudicially affected the defendant's substantial rights so as to deprive the defendant of a fair trial.

United States v. Mitchell, 1 F.3d 235, 240 (4th Cir. 1993). Here, neither of the comments that the Defendant has identified prejudiced the defendant so as to deprive him of a fair trial. First, the comment made by AUSA Chung was immediately remedied by the Court through a curative instruction given to the jury.[3] See United States v. Morsley, 64 F.3d 907, 913 (4th Cir. 1995) ("Any prejudice to [the defendant] was effectively negated by the court's curative instructions."); see also United States v. Hedgepeth, 418 F.3d 411, 421 (4th Cir. 2005) ("We have consistently observed that such cautionary or limiting instructions generally obviate prejudice.") (*quotations omitted*). Second, the comments which Defendant White has characterized as AUSA Richmond "asking rhetorically who the person imitating White had been," are demonstrably not as

---

[3] The government admits that AUSA Chung's comment, which is clearly impermissible burden shifting because it challenged White to put forth evidence of his own, was improper.

Defendant White remembers them. See Closing Arg. Tr. p. 15. Instead, they are merely a summation countering the Defense's theory of circumstances. Thus, neither of these two comments constitutes prosecutorial misconduct that "prejudicially affected the defendant's substantial rights so as to deprive the defendant of a fair trial." Mitchell, 1 F.3d at 240.

### III. Conclusion

When a party is represented by counsel, the proper mode of seeking relief from this Court is through a motion filed by that counsel. This motion was not filed by counsel, and this Court will therefore not grant this motion, nor even consider future *pro se* motions. Perhaps related to the lack of counsel's assistance were the procedural defects of this motion, most notably the fact that it was clearly untimely. Finally, the motion is entirely without merit and generally duplicative of Defendant's earlier motion for acquittal, which had been filed with the assistance of counsel.

The Clerk of Court is directed to send a copy of this Memorandum Opinion and the accompanying Order to counsel of record for the respective parties, as well as to the Defendant.

ENTER: This 17th day of April, 2010

James C. Turk
Senior United States District Judge