IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 7:08 CR 54 |
| ) | |
| WILLIAM A. WHITE, ) | |
| ) | |
| Defendant. ) | |

SENTENCING MEMORANDUM

The United States of America, by and through its counsel of record, respectfully submits this sentencing memorandum to the Court.

Under the appropriate application of the Federal Sentencing Guidelines, an additional two-level victim-related adjustment should be applied because the Defendant knew and should have known that Tasha Reddick and her two children were "unusually vulnerable due to age, physical or mental condition," and were "otherwise particularly susceptible to the criminal conduct" as specified by U.S.S.G. § 3A1.1(b)(1). The Pre-Sentence Investigation Report mistakenly states that the Government must prove that the Defendant targeted the victims because of their vulnerable status, a position rejected by case law after the Guidelines were explicitly amended to remove such a requirement.

The Government further submits that an eight-level specific offense characteristic enhancement for "causing or threatening to cause physical injury to a person … in order

to obstruct the administration of justice" pursuant to U.S.S.G. § 2J1.2(b)(1)(B) should be applied.

The application of the specific offense characteristic enhancement and the victim-related adjustment would bring the Defendant's total offense level to 24, yielding a sentencing range of 57 to 71 months.

The Government relies upon the letter included as an addendum to the Pre-Sentence Investigation Report submitted to the Court (attached). In addition, the Government submits the following analysis and information.

I. <u>Count Three: Vulnerable Victim Adjustment Pursuant to § 3A1.1(b)(1)</u>

The adjustment applies when "the defendant knows or should have known about the victim's unusual vulnerability." U.S.S.G. § 3A1.1(b)(1). Section 3A1.1(b)(1) only requires that the defendant knew or should have known of this status; the section **does not** require that the defendant targeted the victim because of the victim's vulnerable status. In fact, the Guidelines were specifically amended effective November 1, 1995 to clarify that this was not a requirement. U.S.S.G. Appendix C, Amendment 521, pp. 413-15 (removing the word "target" from the Guidelines to "clarify" the issue of whether the "adjustment required proof that the defendant had targeted the victim on account of the victim's vulnerability);" <u>see also</u> <u>United States v. Bolden</u>, 325 F.3d 471, 501 fn. 35 (4th Cir. 2003) ("In 1995, the Sentencing Commission adopted Amendment 521, rendering it

2

unnecessary for a sentencing court to find that a defendant had specifically targeted his victim").[1]

Children are generally considered to be vulnerable victims because the relevant capacities of children do not vary greatly within an age group (as compared with the elderly). United States v. Crispo, 306 F.3d 71, 83 (2nd Cir. 2002). In situations like this, where children are targets of intimidating and threatening conduct, courts have routinely found that children are vulnerable victims. See e.g., United States v. Depew, 932 F.3d 324, 330 (4th Cir. 1991) (vulnerable victim enhancement appropriate where target of kidnapping and murder conspiracy was a twelve-year old boy; twelve-year old "would certainly be 'unusually vulnerable'"); United States v. Popisil, 186 F.3d 1023, 1029 (8th Cir. 1999) (upholding application of vulnerable victim enhancement when cross was burned in yard of home of family with seven-, eleven-, and thirteen-year old children present); United States v. Morrison, 2009 WL 4730942, at *1 (W.D. Ark 2009) (four-month, twelve-month, and five-year old children were vulnerable victims of cross burning because they "completely lacked the capacity to either prevent or defend against the violation of their rights by Defendant").

---

[1] Although some recent Fourth Circuit cases appear to still require the Government to prove that the Defendant specifically targeted victims due to their vulnerability, these cases rely upon pre-1995 Guideline cases. See e.g., United States v. Pair, 327 Fed. Appx. 444, 445 (4th Cir. 2009) (relying upon United States v. Singh, 54 F.3d 1182, 1191 (4th Cir. 1995), which analyzed the Guidelines prior to 1995 amendment); United States v. Lee, 230 F.3d 1355 (table) (4th Cir. 2000) (same).

Fourth Circuit cases which rely upon post-1995 Guideline cases, however, and directly address this issue, state that the "targeting" requirement was eliminated by Amendment 521. See e.g., United States v. Llamas, __ F.3d __, 2010 WL 963195 (4th Cir. 2010); United States v. Mason, 231 Fed. Appx. 286, 287 fn. * (4th Cir. 2007); United States v. Dawson, 238 F.3d 415 (table) (4th Cir. 2000); United States v. Oladunjoye, 86 F.3d 1153 (table) (4th Cir. 1996).

Furthermore, although the Guidelines do not require a showing that the Defendant targeted the victims because they were vulnerable children, U.S.S.G. Appendix C, Amendment 521, pp. 413-15, <u>Bolden</u>, 325 F.3d at 501 fn. 35, the evidence supports such a finding.  The Defendant stated that he learned of Tasha Reddick's participation in a Housing and Urban Development ("HUD") suit via the HUD website and that he obtained the addresses of the victims from the complaint posted on the website.  Tr. William White Deposition, pp. 108, 249, <u>United States v. Henry</u>, Misc. Case. No. 7:08-MC-00003 (W.D. Va.), Exhibit A (attached).  The complaint specifically identified the victims as "Tasha Reddick, individually and on behalf of Taniya McPherson and Antonio McPherson, her minor children, as mother and general guardian."  Complaint, <u>United States v. Henry</u>, FHEO No. 03-07-0004-08, Exhibit B (attached).  Indeed, the Complaint is replete with references to Ms. Reddick's "minor children."  <u>Id.</u>  These references indicated to the Defendant that the children were young in that the Complaint states that the children were "playing outside" Reddick's apartment unit when Reddick's landlord called them "nigger children."  <u>Id.</u>  "Playing outside" is not an activity in which teenagers normally engage, nor are teenagers generally referred to as "children."  Thus, the Defendant knew or should have known at the time he read the complaint that Taniya and Antonio McPherson were the minor children of Reddick and should have known that they were young children, not teenagers.

Had the Defendant truly wanted to communicate his opinion to the plaintiff of the HUD suit, he would have mailed the materials to Tasha Reddick -- the adult identified as the plaintiff in the HUD suit.  Instead of sending the intimidating letter and magazine to

4

Reddick, however, the Defendant elected to send the intimidating materials to her minor children. Though unnecessary for the Government to prove, it clearly can be inferred that the Defendant deliberately targeted Taniya and Antonio McPherson precisely because of their vulnerable status as minors and the increased apprehension that he would cause Tasha Reddick by targeting her children.

## II. Count Three: Threatening Conduct Warranting a Specific Offense Characteristic Enhancement Pursuant to § 2J1.2(b)(1)(B)

As stated in the Government's letter, it is well established that threats under § 2J1.2(b)(1) need not be "true threats" or even explicit threats. In fact, courts have applied this enhancement repeatedly on the basis of implied threats without conducting a "true threats" analysis.

Here, it is not only the Government's position that the Defendant's mailing to the Virginia Beach tenants was threatening, but also the position of the jurors who convicted the Defendant of Count Three. Relying upon the evidence summarized in the Government's letter to probation, the jury convicted the Defendant of knowingly using intimidation with the intent to influence, delay or prevent the testimony of the Virginia Beach tenant victims in an official proceeding in violation of 18 U.S.C. § 1512(b)(1). The jury was instructed that "intimidation" as used in § 1512(b)(1) means "intentionally to say or do something that would cause a reasonable person of ordinary sensibility [sic] to be fearful of harm to himself or another." Tr. of Jury Instructions, p. 17, Exhibit C (attached). Therefore, in finding the Defendant guilty of violating § 1512(b)(1), the jury

5

found that the Defendant intentionally said and/or did something that would cause a reasonable person of ordinary sensibilities to be fearful of harm to himself or another.

In addition to the voluminous evidence offered at trial, the jury's verdict should also be considered in finding that a preponderance of evidence exists to show that the Defendant threatened the victims of Count Three as that term has been interpreted by courts when applying the sentencing guidelines.

III. Conclusion

Wherefore, the Government respectfully submits to the Court that a preponderance of facts exist supporting a two-level vulnerable victim adjustment and eight-level specific offense characteristic enhancement.

Respectfully Submitted,

S/ John Cotton Richmond
John Cotton Richmond
Prosecutor

S/ Cindy Chung
Cindy Chung
Prosecutor

CERTIFICATE OF SERVICE

I hereby certify that I electronically filed this pleading with the Clerk of Court using the ECF system which sent notifications to the counsel of record.

S/ Cindy Chung
Cindy Chung