CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

SEP 04 2012

JULIA C. DUDLEY, CLERK
BY: /s/
       DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CASE NO. 7:08CR00054 |
| | ) |
| v. | ) **MEMORANDUM OPINION** |
| | ) |
| WILLIAM A. WHITE, | ) By: James C. Turk |
| | ) Senior United States District Judge |
| Defendant. | ) |

Pending before the Court is a pro se motion by Defendant William A. White, which he has titled as a "MOTION FOR WRIT OF HABEAS CORPUS." Because of the title of his motion, and because White alleges that his appellate counsel provided ineffective assistance related to White's appeal of his conviction and sentence, the clerk docketed his submission as a motion to vacate, set aside or correct the sentence, pursuant to 28 U.S.C. § 2255. Upon further review of the submission and the record, however, the court concludes that White's motion must be summarily dismissed without prejudice, because the relief he seeks is not available from this court.[1]

White stands convicted of two counts of transmitting interstate communications containing threats to injure a person and one count of intimidating a witness. In April 2010, the court sentenced White to 30 months in prison. The United States Court of Appeals for the Fourth Circuit affirmed the judgment in all respects as to the convictions, but vacated White's sentence and remanded the case for resentencing "because the district court applied an incorrect standard in deciding whether to consider an enhancement for victims' vulnerability." United States v. White, 670 F.3d 498, 500 (4th Cir. Mar. 1, 2012). The Court of Appeals' mandate issued on March 23, 2012.

---

[1] Under Rule 4(b) of the Rules Governing § 2255 Proceedings, the court may summarily dismiss a § 2255 motion if "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief."

The court scheduled a resentencing hearing on May 14, 2012, and appointed counsel for White. On May 11, 2012, the court cancelled the hearing and issued a warrant for White's arrest on a supervised release violation warrant. Authorities arrested White in June 2012, and supervised release revocation proceedings are now underway and White is also subject to resentencing on his original convictions.

In his present pro se motion, White asserts that his retained appellate counsel, Melissa Warner Scoggins, had agreed to file a petition for rehearing en banc on White's behalf, but failed to do so. White attaches a letter from Scoggins, explaining that she misread Federal Rule of Appellate Procedure 40(a)(1) and missed the 14-day deadline to file a petition for rehearing en banc. Based on counsel's admission of error, White asserts that he is entitled to habeas corpus relief allowing him "to continue his appeals" and moves for appointment of counsel to assist him with this endeavor.

White suggests that this court could grant the relief he seeks by reentering the criminal judgment to allow him to appeal anew or by "giv[ing] other appropriate relief." The court has no power to issue any order that affects the procedures by which the Court of Appeals operates, including any order that would effectively reopen the time for White to file his petition for rehearing en banc out of time. Because this court has no authority to order the remedy that White seeks, the court will summarily dismiss his petition without prejudice. An appropriate order will issue this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to the defendant.

ENTER: This 21st day of August, 2012.

*/s/ James C. Curt*
Senior United States District Judge