CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

NOV 0 5 2012

JULIA C. DUDLEY, CLERK
BY: /s/ BWecker
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal Action No.: 7:08-cr-54 |
| Plaintiff, | Memorandum Opinion |
| v. | |
| WILLIAM A. WHITE, | Hon. James C. Turk |
| Defendant. | Senior United States District Judge |

This matter is before the Court on Mr. White's Rule 41(g) Motion for Return of Property (ECF No. 318) and the related Motion to Appoint Counsel. ECF No. 319. For the reasons that follow, this Court will transfer these motions to the Miami Division of the Southern District of Florida since this Court lacks jurisdiction to entertain these motions.

I.  FACTS

At Mr. White's resentencing hearing on October 23, 2012, he made an oral motion for return of property seized when he was captured by Mexican officials in Mexico. The property includes his driver's license, electronics, jewelry, clothing, pictures drawn by White's daughter, currency, and other items. This property was transferred, in White's presence, to the U.S. Marshals in Miami before he was returned to the Western District of Virginia for resentencing. In response to Mr. White's motion, Assistant U.S. Attorney Pat Hogeboom orally advised the Court that Mr. White's property was being held in Miami as part of an ongoing investigation and that Mr. White would have to petition the federal district court encompassing Miami for the return of his property.

1

Pursuant to these instructions, Mr. White mailed a Rule 41(g) Motion for Return of Seized Property and accompanying Motion to Appoint Counsel to the Southern District of Florida, Miami Division. For reasons unknown to the Court, the Miami Division mailed the originals of Mr. White's motions to this Court and they were docketed under Mr. White's now-closed criminal case number.

## II. LEGAL STANDARD

Rule 41(g), Fed. R. Crim. P., permits a person aggrieved by an unlawful search and seizure, or aggrieved by the deprivation of property, to file a motion for return of property. Rule 41(g) requires that "[t]he motion must be filed in the district where the property was seized." If the motion is filed in a district other than that in which the property was seized, the district court lacks jurisdiction to entertain the motion. Patock v. Fox News Television Channel, 1:11-CV-974, 2012 WL 695892, at *6 (E.D. Va. Mar. 1, 2012) (stating that a district that is not the one in which the property was seized or is being held "lacks jurisdiction to adjudicate a claim for the return of the property"); United States v. Persaud, 426 F. App'x 172 (4th Cir. 2011) (same).

A Rule 41(g) motion filed in a criminal case that has already concluded is properly construed as a civil action for return of property. United States v. Chambers, 192 F.3d 374, 377 (3d Cir. 1999); see also United States v. Potes Ramirez, 260 F.3d 1310, 1314 (11th Cir. 2001); United States v. Martinez, 241 F.3d 1329, 1330-31 (11th Cir. 2001). Such an action is equitable in nature. See United States v. Howell, 425 F.3d 971, 974 (11th Cir. 2005) ("A motion to return seized property under Fed. R. Crim. P. 41(g), is a motion in equity, in which courts will determine all the equitable considerations in order to make a fair and just decision.").

## III. ANALYSIS

Mr. White's property was initially seized in Mexico, transferred to the U.S. Marshals' custody in Miami, and remains in Miami. His property has not been in the Western District of Virginia since Mr. White left for Mexico. As such, this Court finds that it lacks jurisdiction to entertain Mr. White's motions. These motions should be filed, as Mr. White intended, in the Southern District of Florida, Miami Division, the only U.S. jurisdiction in which the action might lie. Furthermore, Assistant U.S. Attorney Pat Hogeboom advised Mr. White and the Court that the property is being held in Miami. Therefore, the Court **TRANSFERS** these motions to the Southern District of Florida, Miami Division for further resolution. This Court expresses no opinion on whether that court has jurisdiction over Mr. White's motions.

Mr. White's criminal case was terminated on October 25, 2012. Therefore, his Rule 41(g) motion is properly construed as a civil equitable action for return of property.

ENTER: This 5th day of November, 2012.

Hon. James C. Turk
Senior United States District Judge