CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

APR 11 2013

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| WILLIAM A. WHITE, ) | |
| ) | Criminal Action No. 7:08CR54 |
| Petitioner, ) | |
| ) | |
| v. ) | MEMORANDUM OPINION |
| ) | |
| UNITED STATES OF AMERICA, ) | By: Hon. James C. Turk |
| ) | Senior United States District Judge |
| Respondent. ) | |

Petitioner William W. White ("White"), proceeding pro se, brings this action as a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. White raises only one ground for relief: he contends that he was denied effective assistance of counsel because his appellate counsel told him she would file a petition for rehearing en banc and failed to timely do so. White alleges that counsel told him "she deliberately did not file the petition because she had been advised by an unnamed party that 'it was not in her interest to represent the Defendant.'" ECF No. 332 at 2.[1]

Respondent filed a response to the motion, arguing that White failed to state a cognizable claim under § 2255. See ECF No. 340. Specifically, Respondent contends that there is no right to effective assistance of counsel for a discretionary proceeding or appeal, like a petition for rehearing, and thus White cannot bring an ineffective assistance claim here. For the reasons discussed herein, the Court concludes that White has failed to state a valid claim of ineffective assistance of counsel and thus denies his motion. Additionally, White's separate motion for

---

[1] White has submitted a copy of a letter in which appellate counsel acknowledged that she failed to timely file a petition for rehearing, but averred that she erroneously believed she had 45 days to file instead of 15 and thus mistakenly missed the deadline. See ECF No. 297 at Ex. 1. This disputed fact does not require an evidentiary hearing because the reasons for counsel's failure to file the petition for rehearing are irrelevant. Instead, as discussed herein, the failure to file the petition—regardless of the reason—does not give rise to a constitutional violation and thus § 2255 does not provide White with a remedy for the failure.

appointment of counsel, ECF No. 333, is DENIED.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The Fourth Circuit's opinion in White's direct appeal, United States v. White, discusses the factual background of his offenses in detail. 670 F.3d 498, 501-506 (4th Cir. 2012).[2] Because the sole issue raised by White's § 2255 motion does not require inquiry into the facts of his offense, the Court will focus here on the procedural background of his case.

To summarize, White was indicted on seven different counts, all of which were tried to a jury. The jury found White not guilty as to Counts 2, 4, and 7, but found him guilty of Counts 1, 3, 5, and 6. The Court subsequently directed a verdict of acquittal on Count 6. The convictions on Counts 1 and 5 were for transmitting in interstate commerce threats to injure or intimidate individuals, in violation of 18 U.S.C. § 875(c), and Count 3 was for violating 18 U.S.C. § 1521(b)(1), which prohibits the intimidation of individuals to "influence, delay, or prevent the[ir] testimony"). See White, 670 F.3d at 501 (summarizing counts of conviction and acquittal in the case). White was sentenced by this Court on April 14, 2010, to serve a sentence of 30 months on each of the counts of conviction, all to run concurrent with each other. ECF No. 185. Judgment was entered on April 19, 2010. See ECF No. 190. White timely appealed, ECF No. 197, and the government also appealed, challenging this Court's judgment of acquittal on Count 6 and its decision refusing to apply the sentencing enhancement for vulnerable victims on Count 3. White, 670 F.3d at 501. On appeal, the Fourth Circuit issued a published decision, in which it: (1) affirmed White's convictions; (2) affirmed this Court's rulings on the Rule 29 motions as to all four counts; and (3) vacated his sentence and remanded for resentencing on the ground that this Court "applied an incorrect standard in deciding whether to consider an enhancement for victim's

---

[2] The Fourth Circuit's decision is also docketed in this case as ECF No. 263.

vulnerability." Id.[3]

Under the Fourth Circuit's rules, White was required to seek a rehearing or rehearing en banc not later than March 15, 2012, which was "14 days after the entry of judgment" on March 1, 2012. See 4th Cir. R. 40(c); 4th Cir. R. 35(c) (referring to Rule 40 for time limits on filing a petition for rehearing en banc). Neither he nor his counsel filed such a petition, and the Fourth Circuit's mandate issued on March 23, 2012. ECF No. 265. Shortly thereafter, on April 2, 2012, White filed a motion to stay the mandate pending the filing of a petition for writ of certiorari. In that motion, he also stated that his appellate counsel, Melissa Warner Scoggins, had "wrongfully determined" the filing date for a petition for rehearing en banc and that it was due to her error that no petition was filed. United States v. White, 4th Cir. No. 10-4241, Dkt. No. 80 (Apr. 2, 2012 filing by White). The Fourth Circuit summarily denied that motion without explanation. Id., Dkt. No. 81. On April 12, 2012, White filed a motion in this Court requesting a "limited appointment" of a public defender for making and arguing a motion to stay the Fourth Circuit's mandate. ECF No. 267. This Court denied that motion. ECF No. 268.

Before he was resentenced by this Court, White filed a motion for "writ of habeas corpus" on August 23, 2012, in which he raised the same issue he raises herein. ECF No. 297. Attached to that motion was a letter to White from Scoggins. ECF No. 297 at Ex. 1. In it, she explained that she "did not file a petition for rehearing en banc on [his] behalf . . . ." She said she "originally intended to file such a petition but misread Federal Rule of Appellate Procedure 40(a)(1), which extends the

---

[3] Per the Fourth Circuit's judgment, White's case was remanded for resentencing, although the resentencing was delayed due to White fleeing the Court's jurisdiction. He was apprehended in Mexico and subsequently resentenced on October 23, 2012, receiving an additional three months in custody added to his original sentence. ECF No. 311. He was also sentenced on September 12, 2012 to ten months of incarceration for violating his supervised release terms. ECF Nos. 308, 310. On February 20, 2013, White was sentenced to 42 months incarceration on a separate matter in Chicago. He remains in custody.

3

14-day filing period to 45 days in civil cases in which the federal government is a party. Your case, of course, is a criminal matter, not a civil one, and the applicable time period thus was 14 days." Id. She apologized to White for her error and "any miscommunication" and instructed him that he could either retain new counsel or proceed pro se if he wished to file a petition for writ of certiorari. Id.

Although the Clerk had docketed White's August 23, 2012 filing as a § 2255 motion, this Court concluded that it sought relief not available from this Court and denied the motion. ECF No. 299, 300. In particular, while White asked to be able to "continue his appeals" and wanted this Court to reenter the criminal judgment to allow him to appeal anew, this Court noted that it had "no power to issue any order that affects the procedures by which the Court of Appeals operates, including any order that would effectively reopen the time for White to file his petition for rehearing en banc out of time." ECF No. 299 at 2. White appealed from that ruling, ECF No. 304, and the Fourth Circuit denied a Certificate of Appealability and dismissed the appeal.[4] ECF Nos. 330, 331.

White timely filed the instant § 2255 motion, which was received by the Clerk on January 9, 2013. ECF No. 332. White has also filed a motion to appoint counsel. ECF No. 333. The government filed a response in opposition to White's § 2255 motion, ECF No. 340, and White filed a reply. ECF No. 341. The motion is now ripe for disposition.

---

[4] Although White's August 23, 2012 filing was docketed by the Clerk as a motion pursuant to 28 U.S.C. § 2255, and apparently treated by the Fourth Circuit as such, it did not reference the statute in its title and was not construed as a § 2255 motion by this Court. See ECF No. 299. Moreover, White was never given the notice required by Castro v. United States, 540 U.S. 375 (2003). Accordingly, that filing does not constitute a "first" § 2255 motion for purposes of the restrictions on "second or successive" motions. See 28 U.S.C. § 2255(h).

## II. ANALYSIS

In order to move the court to vacate, set aside or correct sentence under § 2255, a petitioner must prove that one of the following occurred: (1) that his sentence was "imposed in violation of the Constitution or laws of the United States"; (2) that "the court was without jurisdiction to impose such [a] sentence"; or (3) that "the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. White bears the burden of proving grounds for a collateral attack by a preponderance of the evidence. Hall v. United States, 30 F. Supp. 2d 883, 889 (E.D. Va. 1998); see also Jacobs v. United States, 350 F.2d 571, 574 (4th Cir. 1965).

### A. General Standards Governing Ineffective Assistance of Counsel Claims

As noted, White raises only one claim for relief—that he was denied effective assistance of counsel because his attorney failed to file a petition for rehearing with the Fourth Circuit, after his direct appeal had concluded. In order to prevail on this claim, White must satisfy the two-pronged test set forth in Strickland v. Washington, 466 U.S. 668 (1984). Specifically, White must demonstrate both that his "counsel's performance was deficient" and "that the deficient performance prejudiced the defense." Strickland, 466 U.S. at 687. Failure to satisfy either one of these prongs is fatal to the claim and thus there is no need "to address both components of the inquiry if the defendant makes an insufficient showing on one." Id. at 697.

To satisfy the deficiency prong, White must show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. at 687. When the attorney's alleged error occurs in the course of a proceeding for which petitioner has no constitutional right to counsel, however, there is obviously no error serious enough that would constitute the counsel "not functioning as . . . guaranteed by the

5

[Constitution],"[5] cf. id., since no such guarantee exists. See Wainwright v. Torna, 455 U.S. 586, 587-88 (1982) (per curiam) ("Since respondent had no constitutional right to counsel, he could not be deprived of the effective assistance of counsel by his retained counsel's failure to file the application timely.").

Applying those principles here, the Court concludes that White's claim fails as a matter of law. Notably, the Supreme Court has held that there is no constitutional right to counsel for a discretionary appeal. See id. at 586-87; United States v. Taylor, 414 F.3d 528, 536 (4th Cir. 2005) (citing Torna and other authority and summarizing that "a defendant has no federal constitutional right to counsel when pursuing a discretionary appeal on direct review of his conviction"); Miller v. Keeney, 882 F.2d 1428, 1431-32 (9th Cir. 1989) (citing Torna as holding that where there is no constitutional right to counsel, a defendant cannot be deprived of the effective assistance of counsel). The Court agrees with the Government that a petition for rehearing or rehearing en banc is a discretionary appeal and thus there is no constitutional right to counsel to pursue a petition for rehearing. As another district court faced with a similar claim reasoned,

> [a] petition for rehearing falls into the category of discretionary appeals, and therefore [counsel] was not under an obligation to file the petition for rehearing on [the petitioner's] behalf. Jackson v. Johnson, 217 F.3d 360, 364 (5th Cir. 2000); Bianchi v. Perry, 154 F.3d 1023, 1024 (9th Cir. 1998); United States v. Coney, 120 F.3d 26, 28 (3d Cir. 1997); Lucien v. Welborn, 46 F.3d 1133, at *4 (7th Cir. 1995). Without a constitutional right to counsel at either the rehearing or certiorari stage, one cannot be deprived of effective assistance of counsel. Id.

---

[5] Although the opinion in Strickland only discussed the Sixth Amendment, from which a defendant's constitutional right to trial counsel derives, the right to effective assistance of counsel on a direct appeal derives from the Constitution's due process and equal protection guarantees. United States v. Taylor, 414 F.3d 528, 535-36 (4th Cir. 2005) ("the law is well-settled that, in order to satisfy federal due process and equal protection guarantees, a criminal defendant enjoys the right to effective assistance of counsel on direct appeal, when such direct appeal is provided as a matter of right"); see also Steele v. United States, 518 F.3d 986, 988 (8th Cir. 2008) and authority cited therein.

United States v. Straughan, 2009 WL 553064, *1-2 (D. Neb. Mar 4, 2009).

In addition to the cases cited in the Straughan excerpt above, numerous—if not every—court that has addressed this or a similar issue has reached the same conclusion that this Court does. See, e.g., Clark v. Johnson, 227 F.3d 273, 283 & n.5 (5th Cir. 2000) (the court need not consider, under Strickland, the claim that counsel was ineffective in filing to prepare a motion for rehearing or a petition for writ of certiorari to the Supreme Court "[b]ecause there is no constitutional right to counsel for discretionary appeals"); McNeal v. United States, 1995 WL 290233, at *1-2 (6th Cir. May 11, 1995) (unpublished) (counsel's failure to file a petition for rehearing was not a constitutional violation); Ucciferri v. United States, 2006 WL 1281362, at *3 (M.D. Fla., May 9, 2006) (same); Stuut v. United States, 2005 WL 1389181, at *3 (W.D. Mich. June 10, 2005) (unpublished) (claim that counsel failed to file a petition for rehearing en banc and allowed the 90-day time period for filing a writ of certiorari to expire did not raise a cognizable constitutional violation); Alley v. Bell, 101 F. Supp. 2d 588, 665 (W.D. Tenn. 2000), aff'd, 307 F.3d 380 (6th Cir. 2002), cert. denied, 540 U.S. 839 (2003)) ("'[T]he right to appointed counsel extends to the first appeal of right, and no further.' Pennsylvania v. Finley, 481 U.S. 551, 555 (1987).'" Thus, the failure of petitioner's counsel to seek rehearing before the [appellate court] cannot constitute ineffective assistance of counsel in violation of the Sixth Amendment."); Hernandez v. Wainwright, 634 F. Supp. 241, 250 (S. D. Fla. 1986), aff'd without opinion, 813 F.2d 409 (11th Cir.1987) (finding that "a petition for rehearing of an appeal is squarely a discretionary appeal and again is within the purview of the rule established in [Torna] . . .").[6]

---

[6] In a similar vein, the United States Supreme Court exercises discretionary review over petitions for writs of certiorari. See Sup. Ct. R. 10 ("Review on a writ of certiorari is not a matter of right, but of judicial

Although the Fourth Circuit has not squarely addressed the issue in a published opinion, district courts within the Fourth Circuit have uniformly rejected similar § 2255 claims. See, e.g., Van Harris v. United States, 473 F. Supp. 2d 723, 727-28 (S.D.W. Va. 2007) (rejecting § 2255 claim and noting that, while counsel may have violated requirements of the Fourth Circuit's CJA plan by failing to pursue discretionary review, that failure "was not a violation of [the defendant's] constitutional rights and therefore cannot give rise to an ineffective assistance of counsel claim"); cf. Jackson v. United States, 319 F. Supp. 2d 672, 677 (E.D. Va. 2004) ("As the petitioner had no constitutional right to counsel beyond his direct appeal, any error of [counsel] in failing to inform the petitioner of the denial of certiorari does not amount to ineffective assistance of counsel"), aff'd, United States v. Jackson, 107 F. App'x. 346 (4th Cir. Aug. 19, 2004) (unpublished).

In his reply, White acknowledges this abundant authority and strains—unsuccessfully—to distinguish it. See generally ECF No. 342. He also relies heavily on the Seventh Circuit's decision in Rutledge v. United States, 230 F.3d 1041 (7th Cir. 2000), as supporting his claim. White correctly notes that, in Rutledge, the Seventh Circuit addressed on its merits a claim that § 2255 counsel had been constitutionally ineffective, even though there is no right to counsel in § 2255 proceedings. 230 F.3d at 1053. Rutledge gives no indication, however, that the government had even raised the corollary to the argument raised here, i.e., that there was no constitutional right to counsel in a § 2255 proceedings and thus that an ineffective assistance claim was precluded

---

discretion"); see Ross v. Moffitt, 417 U.S. 600, 617 (1974) (no right to counsel to file a petition on a writ of certiorari). Thus, courts have held that no ineffective assistance of counsel claim could be premised on counsel's failure to file a petition for writ of certiorari. See, e.g. Nichols v. United States, 563 F.3d 240, 248-251 (6th Cir. 2009) (en banc) (rejecting claim of ineffective counsel based on failure to file petition for certiorari because right of effective assistance does not apply to discretionary appeals and noting that "[w]ithout a constitutional right to counsel, we do not even reach the question of deficiency under Strickland); United States v. Thomas, 33 F. App'x. 446, 448 (10th Cir. April 10, 2002) (counsel's failure to seek a writ of certiorari from the Supreme Court could not give rise to a §2255 ineffective assistance of counsel claim); United States v. Lauga, 762 F.2d 1288, 1291 (5th Cir. 1985) (same); Pritt v. United States, 2002 WL 32438757, at *6 (S.D.W. Va. 2002) (unpublished) (same); United States v. Lena, 670 F. Supp. 605, 613 (W.D. Pa. 1987), aff'd, 849 F.2d 603 (3d Cir. 1988) (same).

altogether. See id. Certainly, the Rutledge Court did not expressly hold that an ineffective assistance claim could be based on counsel's failings in a proceeding where there was no constitutional right to counsel, particularly since it affirmed the district court's denial of that claim. See id. Contrary to Rutledge, then, which does not appear to address the issue directly, the authority the Court relies upon is directly on point. See supra, at 6-8. Additionally, to the extent Rutledge can be interpreted as White suggests, the Fourth Circuit has adopted the contrary position. See United States v. MacDonald, 966 F.2d 854, 859 n.9 (4th Cir. 1992) (citing Pennsylvania v. Finley, 481 U.S. 551, 555 (1987) for the proposition that "[p]risoners have no right to counsel in a collateral proceeding" and concluding that "[w]here no Sixth amendment right to counsel attaches to the proceeding, an ineffective assistance claim cannot be sustained.").

For all of these reasons, the Court concludes that White's § 2255 motion must be DISMISSED.[7]

### B. Motion for Appointment of Counsel

White has also filed a motion seeking the appointment of counsel to assist him in these proceedings. Even assuming he could establish he cannot afford a lawyer to represent him, there is no constitutional right to counsel in § 2255 proceedings. See Finley, 481 U.S. at 555 ("We have never held that prisoners have a constitutional right to counsel when mounting collateral attacks

---

[7] Furthermore, White's insistence that rehearing or rehearing en banc would have been granted had it been timely sought is unsupported by the record. Cf. Ucciferri, 2006 WL 1281362, at *3-*4 (rejecting similar claim but further noting that § 2255 movant had failed to show any reasonable probability that he would have been granted rehearing or a writ of certiorari). Although White contends in his § 2255 motion that two of the three judges who heard his appeal "are on the record calling for an en banc review[,]" ECF No. 332 at 4, this is incorrect. Judge Floyd, the lone dissenting judge, suggested that an intervening decision had sufficiently undermined prior Fourth Circuit precedent on the intent requirement applicable to White's convictions. White, 670 F.3d at 518. Judge Duncan did not. Instead, Judge Duncan joined the majority opinion "in its entirety," id. at 516, and wrote a separate concurrence in part to emphasize that the Supreme Court case relied upon by the dissent "is not contrary to, and therefore does not overrule" the Fourth Circuit's prior precedent. Id. Moreover, rehearing and rehearing en banc are "not favored and ordinarily will not be ordered unless (1) en banc consideration is necessary to secure or maintain uniformity of the court's decisions; or (2) the proceeding involves a question of exceptional importance." 4th Cir. R. 35(a). White's case was not an appropriate one for rehearing or rehearing en banc under that standard.

upon their convictions. Our cases establish that the right to appointed counsel extends to the first appeal of right, and no further.") (citation omitted). Certain situations in the course of § 2255 proceedings require the Court to appoint counsel. See, e.g., Rules Governing § 2255 Proceedings 8(c) (2008) (requiring that counsel be appointed upon determination that an evidentiary hearing is required); id at Rule 6(a) (court must assign counsel to financially eligible defendants "[i]f necessary for effective discovery"). In this case, however, the Court concludes that White has adequately represented himself, and that the interests of justice do not require appointment of counsel for him. Accordingly, White's motion for appointment of counsel to assist him in these § 2255 proceedings is DENIED.

### C. Certificate of Appealability

When a district court enters a final order denying a § 2255 motion, the court must grant or deny a certificate of appealability. Rule 11(a) of the Rules Governing § 2255 Proceedings. A certificate of appealability should only issue if the petitioner has made a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2255(c)(2). Because White has failed to make "a substantial showing of the denial of a constitutional right," for the reasons already outlined in this Memorandum Opinion, the Court finds that it would be inappropriate to grant a certificate of appealability in this case. If White intends to appeal and seek a certificate of appealability from the Court of Appeals for the Fourth Circuit, his first step is to file a notice of appeal with this Court within 60 days of the date of entry of the final order, or within such extended period as the Court may grant pursuant to Rule 4(a)(5) of the Federal Rules of Appellate Procedure.

## III. CONCLUSION

For the foregoing reasons, the court holds that White is not entitled to relief on his § 2255 motion. Accordingly, White's § 2255 motion is **DISMISSED** and a certificate of appealability is **DENIED**. Additionally, White's motion for appointment of counsel, ECF No. 333, is **DENIED**. An appropriate Order shall issue this day.

The Clerk is directed to send copies of this memorandum opinion and the accompanying final order to the petitioner and counsel of record for the respondent.

**ENTER:** This 11th day of April, 2013.

Hon. James C. Turk
Senior United States District Judge