IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal Action No. 7:08-cr-00054 |
| | ) | |
| WILLIAM A. WHITE, | ) | By: Elizabeth K. Dillon |
| | ) | United States District Judge |
| Defendant. | ) | |

**MEMORANDUM OPINION**

In 2010, William White was convicted by a jury on two counts of transmitting in interstate commerce threats to injure or intimidate individuals and one count of intimidation to influence, delay, or prevent testimony. In 2013, White filed a motion under 28 U.S.C. § 2255, which was denied on the merits. Now before the court are a variety of motions, including a motion expressly filed under § 2255 and a Rule 60 motion to reconsider the denial of White's first § 2255 motion. These two motions are successive to White's first § 2255 motion, and White has not obtained authorization from the court of appeals to file them. (*See* Orders Denying Authorization, Dkt. Nos. 393, 395.) Consequently, they will be dismissed for lack of jurisdiction.

A second or successive motion must be certified as provided in 28 U.S.C. § 2244 by a panel of the appropriate court of appeals to contain:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h)(1), (2).  In the absence of such authorization, the court lacks jurisdiction to consider a § 2255 motion.  *Id.* § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."); *United States v. Allred*, 942 F.3d 641, 646 (4th Cir. 2019) ("Because Allred had already filed a § 2255 motion, he needed this court's authorization to file a second or successive motion.").

Not every numerically second § 2255 motion is "second or successive" within the meaning of § 2255(h).  *See In re Williams*, 444 F.3d 233, 235 (4th Cir. 2006).  "For example, when a first petition is dismissed on technical grounds, such as failure to exhaust state remedies, it is not counted; thus, a subsequent petition is not considered second or successive."  *Id.* (citing *Slack v. McDaniel*, 529 U.S. 473, 485–89 (2000)).  White's first § 2255 motion raised a claim for ineffective assistance of counsel and was denied on the merits.  (*See* 4/11/13 Mem. Op., Dkt. No. 344.)  White's second § 2255 motion, alleging a *Brady* violation for failure to disclose exculpatory evidence, is also a direct attack on the legality of his underlying conviction.  *See United States v. Winestock*, 340 F.3d 200, 207 (4th Cir. 2003) ("[A] motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application . . . .") (abrogated in part on other grounds by *United States v. McRae*, 793 F.3d 392 (4th Cir. 2015)) (abrogation recognized by *United States v. Richardson*, 776 F. App'x 106 (4th Cir. 2019)).  Therefore, White's § 2255 motion must be dismissed for lack of jurisdiction.

For similar reasons, White's motion for reconsideration is also a successive collateral attack. "Using Rule 60(b) to present new claims for relief from a state court's judgment of conviction" or to present "new evidence in support of a claim already litigated," *Gonzalez v. Crosby*, 545 U.S. 524, 531 (2005), as White does in his motion, "would impermissibly circumvent the requirement that a successive habeas petition be precertified by the court of appeals as falling within an exception to

2

the successive-petition bar." *Id.* at 532. White's Rule 60 motion is an impermissible attempt to avoid the restrictions on successive § 2255 motions.

When issuing a final order adverse to a § 2255 movant, the court must issue or deny a certificate of appealability. *See* Fed. R. Gov. § 2255 Proc. 11(a). A certificate of appealability may issue only if the movant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). When, as here, relief is denied on procedural grounds, the movant must demonstrate both that the dispositive procedural ruling is debatable, and that the motion states a debatable claim of the denial of a constitutional right. *Gonzalez v. Thaler*, 565 U.S. 134, 140–41 (2012); *United States v. Elliot*, --- F. App'x ----, 2019 WL 6321279, at *1 (4th Cir. Nov. 26, 2019) (applying this standard to a district court's dismissal of a § 2255 motion as second or successive). The court declines to issue a certificate of appealability because White has not made a substantial showing of the denial of a constitutional right and reasonable jurists would not find the court's procedural ruling debatable or wrong.

Finally, also before the court is White's motion to unseal and to authorize disclosure of grand jury proceedings. In a subsequent motion, White states that the former motion was docketed in the wrong case and moves to compel the clerk to docket it in the correct case. White does not indicate what case number or case name he is referring to as the correct case, and the court is unable to ascertain the case to which he refers. Therefore, the court will deny these motions without prejudice. The court will enter an appropriate order.

Entered: December 10, 2019.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge

3