IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Criminal Action No. 7:08-cr-00054 |
| | ) |
| WILLIAM A. WHITE, | ) By: Elizabeth K. Dillon |
| | ) United States District Judge |
| Defendant. | ) |

**MEMORANDUM OPINION**

On December 10, 2019, the court issued a memorandum opinion and order addressing various pending motions in this matter. (Dkt. Nos. 397, 398.) Among the motions addressed,[1] the court considered defendant William White's motion to unseal and to disclose grand jury matters (Dkt. No. 389) and White's motion to compel the clerk to correctly docket the motion to unseal. (Dkt. No. 392.) Regarding those two motions, the court wrote as follows:

> Finally, also before the court is White's motion to unseal and to authorize disclosure of grand jury proceedings. In a subsequent motion, White states that the former motion was docketed in the wrong case and moves to compel the clerk to docket it in the correct case. White does not indicate what case number or case name he is referring to as the correct case, and the court is unable to ascertain the case to which he refers. Therefore, the court will deny these motions without prejudice.

(Dkt. No. 397 at 3.)

Now before the court is a motion to reconsider the court's denial of White's motion to unseal. (Dkt. No. 399.) In this motion, White states that he "cannot refer to [the grand jury

---

[1] The court also granted the government's motion to dismiss for lack of jurisdiction, dismissed White's motion to vacate pursuant to 28 U.S.C. § 2255 for lack of jurisdiction, dismissed White's motion for reconsideration for lack of jurisdiction, and declined to issue a certificate of appealability. (Dkt. No. 398.) White has appealed this ruling to the Fourth Circuit Court of Appeals.

proceeding] in any other way than I have, which is that it was a Grand Jury which targeted me beginning no later than December 14, 2005, and, which returned no true bill no later than September 2006." (*Id.* at 1.)

The court considers the motion to reconsider—and the motion to unseal that preceded it—to be an action pursuant to Rule 6 of the Federal Rules of Criminal Procedure. *See* Fed. R. Crim. P. 6(a)(3)(E)(i) ("The court may authorize disclosure—at a time, in a manner, and subject to any other conditions that it directs—of a grand jury matter preliminarily to or in connection with a judicial proceeding."). Pursuant to the rule,

> A petition to disclose a grand-jury matter under Rule 6(a)(3)(E)(i) must be filed in the district where the grand jury convened. Unless the hearing is ex parte—as it may be when the government is the petitioner—the petitioner must serve the petition on, and the court must afford a reasonable opportunity to appear and be heard to:
>
> (i) an attorney for the government;
>
> (ii) the parties to the judicial proceeding; and
>
> (iii) any other person whom the court may designate.

Fed. R. Crim. P. 6(a)(3)(F). The court will direct the clerk to open a separate miscellaneous action with these filings as a petition to disclose a grand jury matter under Rule 6(a)(3)(E)(i).

Also before the court is a motion to unseal search warrants dated May 2, 2008, and August 21, 2008. (Dkt. No. 403.) According to the attachments to the motion, it appears that these matters are also grand jury material. (Dkt. No. 403-1.) Therefore, the court will also construe this motion as a petition to disclose grand jury material and direct the clerk to open a separate miscellaneous

2

action.

An appropriate order will be entered.

Entered: January 7, 2020.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge