IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Criminal No. 7:08-cr-00054 |
| v. | ) | |
| | ) | By:  Elizabeth K. Dillon |
| WILLIAM A. WHITE | ) | United States District Judge |

**MEMORANDUM OPINION AND ORDER**

Defendant William A. White, proceeding *pro se*, filed a motion for compassionate release

due to COVID-19.  (Dkt. No. 411.)  On October 5, 2020, pursuant to Standing Order 2019-1, the

court appointed the Federal Public Defender to represent White and ordered the FPD to file a

further supplement in support of the motion.  (Dkt. Nos. 412, 413.)  The FPD declined to file any

supplemental pleadings regarding the motion.  (Dkt. No. 417.)[1]  The government responded to

White's motion on October 26, 2020.  (Dkt. No. 421.)  White subsequently filed three motions

for leave to supplement his compassionate release motion.  (Dkt. Nos. 422, 427, 428.)  The court

will grant White's motions to supplement and has considered the supplementary material in

addressing White's compassionate release motion.[2]

---

[1]  White has filed a motion to "dismiss" the FPD from representing him due to an alleged conflict of interest.  (Dkt. No. 418.)  Given that the FPD has essentially declined to represent Mr. White, the court will deny White's motion to dismiss as moot.

[2]  White has also filed a motion to enjoin the warden at his prison from witness tampering and retaliation. White complains that he has been placed on a mail restriction list and is no longer allowed to correspond with any person by mail except his mother, attorneys, and the courts.  (Dkt. No. 423.)  White requests relief under the All Writs Act, 28 U.S.C. § 1651(a), which enables a federal court to "issue such commands . . . as may be necessary or appropriate to effectuate and prevent the frustration of orders it has previously issued in its exercise of jurisdiction otherwise obtained."  *In re Am. Honda Motor Co., Inc.*, 315 F.3d 417, 437 (4th Cir. 2003).  The court will deny this motion because White has failed to show that relief is justified by extraordinary and compelling circumstances.  *Wis. Right to Life v. Fed. Election Comm'n*, 542 U.S. 1305, 1306 (2004) (Rehnquist, C.J., in chambers) (stating that the authority to grant relief under the All Writs Act is to be "used sparingly and only in the most critical and exigent circumstances").  Neither has he shown that available remedies are inadequate.  *See, e.g.*, *Wall v. Pearson*, 323 F. App'x 391, 392 (5th Cir. 2009) (denying prisoner motion for relief under the All Writs Act due to suspension of mail delivery because separate civil lawsuit provided an adequate remedy to obtain relief).

For the reasons stated below, White's motion will be denied.

## I. BACKGROUND

White has been sentenced to approximately thirty years in prison for convictions in various federal jurisdictions. His projected release date is in 2037.

In 2014, White was convicted of five counts of making extortionate threats in the Middle District of Florida. *United States v. White*, 654 F. App'x 956 (11th Cir. 2016). White had fled to Mexico in violation of the terms of his probation. On the way to Mexico, White sent threatening packages to a judge, a U.S. Attorney, and a prosecutor through the mail, and he threatened the judge on Facebook. *Id.* at 959. White also sent a series of threatening messages to several state officials in Florida seeking the release of certain individuals associated with a violent white supremacist organization called the American Front. *Id.* at 960–62.

Prior to his Florida conviction, White was convicted in this judicial district for sending extortionate threats to his wife. *United States v. White*, 810 F.3d 212, 216–18 (4th Cir. 2016). Also in this district, White was convicted of sending threats to a bank employee, a college administrator, and several apartment tenants. *United States v. White*, 670 F.3d 498, 501–06 (4th Cir. 2012).[3] And in 2008, White was convicted of juror intimidation in the Northern District of Illinois. White contacted a member of a jury that convicted a known white supremacist, then posted the juror's information online. *United States v. White*, 698 F.3d 1005, 1008–12 (7th Cir. 2012).

In combination, White was sentenced to approximately 30 years in prison—210 months in Florida, 92 and 33 months in Virginia (along with 10 months for violating supervision and fleeing to Mexico), and 42 months in Illinois. (Dkt. No. 42-1.) He is currently housed at USP

---

[3] White sent threatening packages to African-American tenants of an apartment complex who were pursuing a claim of racial housing discrimination against their landlord.

Marion.  White has accumulated disciplinary infractions while incarcerated for fighting, failing to stand for count, mail abuse, and disruptive conduct.

## II.  ANALYSIS

### A.  Compassionate Release Under the First Step Act

United States Code Title 18, Section 3582(c)(1)(A), as amended by the First Step Act and in pertinent part, provides that the court may not modify a term of imprisonment once it has been imposed except that:

> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent they are applicable, if it finds that –
>
> (i) extraordinary and compelling reasons warrant such a reduction….

In addition to satisfying the above, the reduction must also be "consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(1).  The Sentencing Commission's policy statement on compassionate release is set forth in U.S. Sentencing Guidelines § 1B1.13.  The Policy provides, in pertinent part, that under § 3582(c)(1)(A), the court may reduce a term of imprisonment "if, after considering the factors set forth in 18 U.S.C. § 3553(a)," the court determines that:

> (1)(A) Extraordinary and compelling reasons warrant the reduction; and …
>
> (2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and

3

(3) The reduction is consistent with this policy statement.

U.S.S.G. § 1B1.13.  In the application notes, the Policy recognizes extraordinary and compelling reasons with regard to medical conditions (terminal illnesses or serious conditions that diminish self-care abilities), age with deterioration and significant time served, family circumstances, and other extraordinary and compelling reasons other than, or in combination with, the above reasons.  U.S.S.G. § 1B1.13 n.1.

A defendant seeking relief under § 3582(c)(1)(A) has "the burden of establishing that compassionate release is warranted."  *United States v. Heromin*, No. 8:11-CR-550-T-33SPF, 2019 WL 2411311, at *2 (M.D. Fla. June 7, 2019).  Compassionate release is "an extraordinary and rare event."  *White v. United States*, 378 F. Supp. 3d 784, 787 (W.D. Mo. 2019).  Rehabilitation, standing alone, "shall not be considered an extraordinary and compelling reason" for a sentence modification.  28 U.S.C. § 994(t); U.S.S.G. § 1B1.13 n.3.

## B.  Exhaustion

As noted above, while the First Step Act changed § 3582(c)(1)(A) to allow a prisoner to bring a motion on his or her own behalf, the statute still includes an exhaustion requirement. More than thirty days have passed since White made a request for a sentence reduction at his BOP facility, and the government does not contest exhaustion.   Therefore, the court finds that White has exhausted his administrative remedies.  *See, e.g.*, *United States v. Allen*, Criminal No. RDB-14-0411, 2020 WL 3868999, at *2 (D. Md. July 9, 2020) (finding exhaustion requirement satisfied where thirty days have expired since submission of administrative request).

## C.  Extraordinary and Compelling Reasons

White argues that certain medical conditions, including post-traumatic stress disorder and other neurocognitive problems (diagnosed as narcissistic disorder), are "permanently

4

disabling" and "prevent [him] from caring for [himself] in a correctional environment."  (Def.'s

Mot. 13–14, Dkt. No. 411.)[4]  Many of the exhibits provided by White in support of his motion,

however, undermine White's assertion about his self-care abilities.  For example, the most recent

report from a psychologist in 2019 states that White was "pleasant," "forthcoming," and his

hygiene was "acceptable by jail standards."  (Dkt. No. 411-2 at 141.)  His "thought processes,

attention, and concentration appeared to be normal," and there were "no apparent signs of

psychosis."  (*Id.*)  Other psychology reports corroborate these comments.  (*See, e.g.*, *id.* at 183

(stating that White was "appropriately groomed" and "sociable").  White has not demonstrated

an inability to practice self-care.

White's motion also references mistreatment that he suffered while in various

correctional facilities in Florida and Illinois.  White appears to have litigated claims based on

these allegations.  *See, e.g.*, *White v. Berger*, 709 F. App'x 532 (11th Cir. 2017).  To the extent

that violations of constitutional rights could constitute extraordinary circumstances to justify

compassionate release, White is no longer detained at those facilities.  He is at USP Marion, and

White does not complain about any issues or adverse conditions of confinement at this facility.

Since White is no longer subject to the adverse conditions of confinement that he previously

experienced, compassionate release cannot be justified by his current circumstances.

**D.  Section 3553(a) Factors**

The relevant § 3553(a) factors include the nature and circumstances of the offense and

the history and characteristics of the defendant; the need for the sentence imposed to reflect the

seriousness of the offense, to promote respect for the law, and to provide just punishment for the

offense; to afford adequate deterrence to criminal conduct; to protect the public from further

---

[4]  White's motion does not rely upon or reference COVID-19.

crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

Even if the court found that extraordinary and compelling reasons existed in this case, the court would nonetheless exercise its discretion under the § 3553(a) factors to deny the motion. White has a long history of threatening behavior.  He also has several years left on his various sentences, set to run for another sixteen years.  Reducing White's sentence to time served would not reflect the seriousness of his offenses, promote respect for the law, or provide just punishment.  Continued incarceration is also necessary to protect the public from further crimes and to promote adequate deterrence.

### III.  CONCLUSION

Based on the foregoing, it is HEREBY ORDERED that White's motion to dismiss the FPD (Dkt. No. 418) is DENIED as moot; White's motion to enjoin tampering and retaliation pursuant to the All Writs Act (Dkt. No. 423) is DENIED; White's motions for leave to supplement (Dkt. Nos. 422, 427, 428) are GRANTED; and White's motion for compassionate release (Dkt. No. 411) is DENIED.

The Clerk is directed to send a copy of this memorandum opinion and order to counsel and to White.

Entered: April 5, 2021.

*/s/ Elizabeth K. Dillon*

Elizabeth K. Dillon
United States District Judge