UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. 7:08CR00054 |
| | : | |
| WILLIAM A. WHITE | : | |

**United States' Response to Motion for Return of Seized Property**

On August 23, 2022, defendant William A. White filed a motion for the return or destruction of a Hitachi Desktop hard drive seized and searched in 2008 pursuant to two search warrants issued in Case Numbers 7:08mc214 and 7:08mc394 (hereinafter "the search warrants"). ECF No. 438. He alleges the Federal Bureau of Investigation neglected to return the seized hard drive to him, in accordance with an order he asserts was entered by the Court in September or October 2012. ECF No. 423 at 1-2. As an initial matter, the undersigned counsel has been unable to ascertain what order he is referencing.[1] Regardless, because the hard drive was returned over ten years ago to the person from whom it was obtained and is no longer in the possession of the United States, the motion should be denied.

---

[1] White moved for the return of property in 2012, much of which was being held as evidence in the cases against White pending at that time in the Southern District of Florida and the Northern District of Illinois. *See, e.g.,* ECF Nos. 275, 280, 318, 321, 326, 327, 354, 355. Some specific property was returned to White's mother, however, and the Court did enter an Order denying one of White's motion as moot. ECF No. 355. If any other Order exists, as described by White in his current motion, counsel has not located it.

1

A party may move for return of property obtained by a search warrant. Fed. R. Crim. P. 41(g). However, "[t]he Court properly denies a motion for return of property if the defendant lacks entitlement to 'lawful possession of the seized property . . . ." *Hill v. United States*, No. 3:11cv480, 296 F.R.D. 411, 414 (E.D.Va. Dec. 19, 2013) (quoting *United States v. Vanhorn*, 296 F.3d 713, 719 (8th Cir. 2002)). "Additionally, appropriate circumstances exist for a Rule 41(g) motion only if the United States possesses the property." *Id.* (citing *United States v. Marshall*, 338 F.3d 990, 995 (9th Cir. 2003), and *United States v. Solis*, 108 F.3d 722, 723 (7th Cir. 1997)).

As is clearly set forth in the search warrants, the hard drive in question was not obtained from the defendant. It was obtained from Dr. Glenn Dardick. Dr. Dardick had been appointed as an expert and had obtained three computers from the defendant pursuant to a March 12, 2008 court order in the matter of *United States of America et al. v. John Crockett Henry*, No. 7:08MC00003 (W.D.Va.). *In re Search of One Hitachi Desktop Harddrive*, No. 7:08mj214 at 3. *Henry* was a civil suit pending in the Eastern District of Virginia, and White had a filed a motion in this Court to stay enforcement of subpoenas issued in that case. *See Henry*, No. 7:08mc00003, ECF No. 1. Pursuant to the *Henry* order, Dr. Dardick imaged White's computers and returned them to the defendant. Affidavit, *In re* Search, No. 7:08mj 214, at 3-4; *see also* Or., *Henry*, No. 7:08mc3, ECF No. 9 at 3. Copies of the images were filed under seal with the Court, and the Court ordered that Dr. Dardick was not to keep any copies, and, at the conclusion of the matter, the sealed copies would be returned to White's counsel. *Id.* at 6-7; *see also Henry*, ECF Nos. 29, 30. The search warrants at

2

issue here sought to obtain and search the hard drive containing the images made by Dr. Dardick pursuant to the *Henry* order. *Id.* at 3. Accordingly, although the hard drive contained images of White's property, White was not the owner of the hard drive. Because White has not established entitlement to lawful possession of the seized hard drive, he cannot prevail on this motion.[2]

In addition, White's motion must be denied for the independent reason that the hard drive is no longer in the possession of the United States. The hard drive was returned to its owner, Dr. Dardick, on February 12, 2013. Att. A.

The hard drive seized from Dr. Dardick did not belong to White, and it was returned to its owner over ten years ago, White's motion must be denied.

Respectfully submitted,

Christopher R. Kavanaugh
United States Attorney


/s/ Jennifer R. Bockhorst
Attorney for United States of America
Tennessee Bar No. 021395
U.S. Attorney's Office
180 West Main Street
Abingdon, Virginia 24210
276-628-4161
276-628-7399 (fax)

---

[2] The ultimate disposition of the images is a matter properly addressed in the context of the *Henry* matter. Additional proceedings in that matter are unnecessary, however, as the Court already ordered that Dr. Dardick not retain copies of the images and there has been no showing or reason to believe he failed to comply with that Order upon return of the hard drive to him.

3

<u>CERTIFICATE OF SERVICE</u>

I certify on Wednesday, May 31, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and caused a copy to be mailed via first-class mail to:

>William A. White
>No. 13888-084
>FCI Cumberland
>P.O. Box 1000
>Cumberland, MD 21501

/s/ Jennifer R. Bockhorst